# EXHIBIT "A"

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   19-SCCV-089988

Wash, Charles

**PLAINTIFF**

**VS.**

Bryant, Jason D.
Zipp Express, LLC
Great West Casualty Company

**DEFENDANTS**

## SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **David Dozier**
> **Dozier Law Firm**
> **327 Third Street**
> **Macon, Georgia 31201**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of May, 2019.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

⛴ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**19-SCCV-089988**
JBH
**MAY 20, 2019 11:44 AM**

Patricia M. Graves–Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

CHARLES WASH,

      Plaintiff,

v.

JASON D. BRYANT,
ZIPP EXPRESS, LLC and
GREAT WEST CASUALTY COMPANY,

      Defendants.

Civil Action No. _____

---

## ORIGINAL COMPLAINT FOR DAMAGES

COMES NOW, CHARLES WASH, by and through his undersigned attorney of record, and hereby files this Complaint for Damages, respectfully showing this Honorable Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

The Plaintiff, CHARLES WASH, is a resident of Macon, Georgia, 31206 and is subject to the jurisdiction and venue of this Court.

2.

JASON D. BRYANT, (hereinafter "Defendant Bryant") resides at 7301 Sheena Lane, Fairview, Tennessee, 37062, but is nonetheless subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 40-12-3.

3.

ZIPP EXPRESS, LLC (hereinafter "Defendant Zipp Express") is a foreign profit corporation with its principle office address located at 120 Caroline Way, Gallatin, Sumner

County, Tennessee, 37066. Defendant Zipp Express maintains a registered agent at 120 Caroline

Way, Gallatin, Sumner County, Tennessee, 37062; and is subject to the venue and jurisdiction of

this Court pursuant to O.C.G.A. § 9-10-91.

4.

At all relevant times to this Complaint, Defendant Bryant was an employee and/or agent

of Defendant Zipp Express.

5.

GREAT WEST CASUALTY COMPANY (hereinafter "Defendant Great West"), is a

foreign insurance company with a principle office address of PO Box 277, 1100 West 29th

Street, South Sioux City, Dakota County, Nebraska, 68776-0277 and is authorized to do business

in the State of Georgia. Defendant Great West maintains a registered agent at 40 Technology

Parkway South #300, Norcross, Gwinnett County, Georgia, 30092; but is nonetheless subject to

venue and jurisdiction of this Court pursuant to O.C.G.A. § 33-4-1 and O.C.G.A. §40-1-112, et.

seq.

6.

At all times relevant to this Complaint, Defendant Great West was the insurance carrier

for Defendant Zipp Express under insurance policy number MCP12345D.

## GENERAL ALLEGATIONS OF FACT

7.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1

through 6 above as if they were fully restated.

8.

On May 22, 2017, at approximately 8:00 a.m., Plaintiff was driving a 2016 Nissan Altima (hereinafter "vehicle"), traveling east, in the left lane of Interstate 16 approaching Exit 6 in Bibb County, Georgia.

9.

At the same time, Defendant Bryant, while acting as an agent and/or employee of Defendant Zipp Express, was operating a 2016 Freightliner, semi-truck (hereinafter "semi-truck") in the right lane of Interstate 16, traveling east, and approaching Exit 6 in Bibb County, Georgia.

10.

While approaching Exit 6, the Plaintiff moved from the left lane to the right lane and began to decrease his speed as a result of slow moving traffic ahead of him.

11.

At this time, Defendant Bryant was traveling around a curve in the right lane of Interstate 16. He began to brake as he rounded the corner and saw the slow-moving traffic ahead of him. Defendant Bryant was unable to slow his semi-truck in enough time to avoid striking the rear of the Plaintiff's vehicle as the Plaintiff changed lanes.

12.

At all times relevant to this Complaint, the semi-truck that Defendant Bryant was operating was owned and/or controlled by Defendant Zipp Express.

13.

At all times relevant to this Complaint, the semi-truck that Defendant Bryant was operating was used to move persons or goods for profit.

15.

At all times relevant to this Complaint, Defendant Zipp Express was engaged in the transportation of persons or property as a common or contract carrier.

16.

Defendant Zipp Express's semi-truck that Defendant Bryant was operating at the time of the aforementioned accident was, at all times relevant to this Complaint, insured by the Defendant Great West's insurance policy, identified by policy number: MCP12345D.

17.

As a proximate and foreseeable result of the aforementioned accident, Plaintiff sustained serious injuries.

18.

The aforementioned accident was directly and proximately caused by the negligence of Defendant Bryant and Defendant Zipp Express.

## COUNT 1: NEGLIGENCE OF DEFENDANT BRYANT

19.

Plaintiff hereby incorporated all of the allegations contained in paragraphs 1 through 18 above as if they were fully restated.

20.

At all times relevant to this Complaint, Defendant Bryant had a duty to operate the semi-truck in a reasonable and prudent fashion.

21.

On May 22, 2017, Defendant Bryant breached the aforementioned duty and was negligent and negligent per se by:

a) Following too closely in violation of O.C.G.A. § 40-6-49;

b) Failing to keep a proper lookout;

c) Failing to make a timely and proper application of his brakes;

d) Failing to sound or signal a warning;

e) Failing to exercise due care in violation of O.C.G.A § 40-6-241; and

f) Otherwise failing to obey the Uniform Rules of the Road for the State of Georgia.

## COUNT II: VICARIOUS LIABILITY OF DEFENDANT ZIPP EXPRESS

22.

Plaintiff hereby incorporated all of the allegations contained in paragraphs 1 through 21 above as if they were fully restated.

23.

At all times relevant to this Complaint, Defendant Bryant was the employee and/or agent of Defendant Zipp Express.

24.

At all times relevant to this Complaint, Defendant Bryant was acting within the scope of his employment or agency relationship with Defendant Zipp Express.

25.

Defendant Zipp Express is liable to Plaintiff for all damages sustained as a result of the negligence of Defendant Bryant under the theory of respondeat superior.

## COUNT III: NEGLIGENCE OF DEFENDANT ZIPP EXPRESS

26.

Plaintiff hereby incorporated all of the allegations contained in paragraphs 1 through 25 above as if they were fully restated.

27.

Under Federal and State law, Defendant Zipp Express is required to investigate into the knowledge, experience, and past safety record of all of its employees whom operate motor vehicles as employees and/or agents of Defendant Zipp Express.

28.

Defendant Zipp Express negligently failed to follow the Federal and State regulations regarding the hiring and retention of employee and/or agent Defendant Bryant.

29.

Further, Defendant Zipp Express had actual knowledge that Defendant Bryant lacked the ability to safely operate a semi-truck on or before May 22, 2017.

30.

As a result of the aforementioned knowledge, Defendant Zipp Express had a duty not to entrust a semi-truck to Defendant Bryant.

31.

On or before May 22, 2017, Defendant Zipp Express breached the aforementioned duty by entrusting the semi-truck to Defendant Bryant.

## COUNT IV: LIABILITY OF GREAT WEST CASUALTY COMPANY

32.

Plaintiff hereby incorporated all of the allegations contained in paragraphs 1 through 31 above as if they were fully restated.

33.

Defendant Zipp Express was, at all times relevant to this Complaint, a common or contract carrier under Federal Law and Georgia Law.

34.

Defendant Great West was, at all times relevant to this Complaint, the insurance provider for Defendant Zipp Express.

35.

As the insurance provider for Defendant Zipp Express, Defendant Great West is directly actionable by Plaintiff for the damages Plaintiff sustained in the incident that gives rise to this Complaint.

## DAMAGES OF PLAINTIFF

36.

Plaintiff hereby incorporated all of the allegations contained in paragraphs 1 through 35 above as if they were fully restated.

37.

As a direct and proximate result of the negligence of Defendant Bryant and Defendant Zipp Express, Plaintiff sustained personal injuries that required medical treatment and resulted in necessary medical expenses in excess of $70,000.

38.

Further, and as a direct and proximate result of the negligence of Defendant Bryant and Defendant Zipp Express, Plaintiff suffered lost wages in excess of $1.00.

39.

Plaintiff also shows that, as a direct and proximate result of the injuries directly and proximately caused by the negligence of Defendant Bryant and Defendant Zipp Express, Plaintiff has experienced pain and suffering and a great limitation of movement, and, so far as he now knows, he will always suffer from said injuries.

40.

The Plaintiff is entitled to recover damages from the Defendants necessary expenses incurred pursuant to O.C.G.A. § 51-12-7.

41.

Plaintiff is entitled to recover from the Defendants special damages for medical expenses to the extent permitted by law, all of which will be specifically pled by an appropriate amendment to this Complaint.

42.

Furthermore, Plaintiff shows that the Defendant has acted in bad faith, been stubbornly litigious, and has made an unreasonable defense to these allegations, and, therefore, Plaintiff is entitled to recover attorney fees pursuant to O.C.G.A. § 13-6-11.

43.

In addition to the aforementioned damages, Plaintiff has suffered and will incur the following damages:

    a)  Personal injuries;

b)  Pain and suffering;

c)  Mental anguish;

d)  Loss of capacity for the enjoyment of life;

e)  Incidental expenses;

f)  Lost wages;

g)  Travel expenses for seeking medical treatment;

h)  Permanent injury.

44.

**WHEREFORE**, Plaintiff prays:

a)  That he have a trial by a jury;

b)  That summons be issued as required by law;

c)  That he have a judgment against Defendants for the amount of his medical expenses to date, and those expenses to be reasonably incurred in the future;

d)  That he have judgment against Defendants for his bodily injuries and pain and suffering in an amount to be determined by a jury to be adequate and just;

e)  That he have a judgment against Defendants for compensatory, general, specific, incidental, economic, non-economic, consequential, punitive and/or other damages permitted by law.

f)  That all cost of this action be assessed against Defendants; and

g)  That the Court grant such other and further relief as is deemed appropriate.

[SIGNATURE ON THE FOLLOWING PAGE]

Respectfully submitted this _17th_ day of _May_, 2019.

David Dozier
GA Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC.
327 Third Street
P. O. Box 13
Macon, Georgia  31202-0013
(478) 742-8441

## DEFENDANT WILL BE SERVED PURSUANT TO O.C.G.A § 40-12-3

Jason Bryant
7301 Sheena Ln
Fairview, TN 37062

4030 Salty Marsh
San Antonio, TX 78245

## DEFENDANT WILL BE SERVED PURSUANT TO O.C.G.A. § 9-10-91:

Zipp Express, LLC
120 Caroline Way
Gallatin, TN 37066

## DEFENDANT WILL BE SERVED PURSUANT TO O.C.G.A § 14-2-1510:

Great West Casualty Company
Corporation Service Company
40 Technology Pkwy South #300
Norcross, GA 30092

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**19-SCCV-089988**
JBH
MAY 20, 2019 11:44 AM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

CHARLES WASH,

    Plaintiff,

v.

JASON D. BRYANT,
ZIPP EXPRESS, LLC, and
GREAT WEST CASUALTY COMPANY,

    Defendants.

Civil Action No. _____

---

## 5.2 CERTIFICATE OF DISCOVERY

Pursuant to Uniform Rule 5.2(2), this is to certify that all parties to this action were served with copies of the *ORIGINAL COMPLAINT, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS,* and *PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS.*

Said service was made on the defendant by a deputy or other authorized agent of the Sheriff's Department of the County in which the defendant resides or by any other individual so authorized by the Georgia Civil Practice Act, and was served contemporaneously with a copy of the Complaint and Summons in a manner consistent with the requirements of O.C.G.A. § 9-11-4.

[SIGNATURE ON THE FOLLOWING PAGE]

Respectfully submitted this _____ day of _____ 2019.


DOZIER LAW FIRM, LLC

327 Third Street

P.O. Box 13

Macon, Georgia 31202-0013

Phone:  (478) 742-8441

David Dozier

Georgia Bar No. 228898

Attorney for Plaintiff

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**19-SCCV-089988**
JBH
MAY 20, 2019 11:44 AM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

CHARLES WASH,

    Plaintiff,

v.

JASON D. BRYANT,
ZIPP EXPRESS, LLC, and
GREAT WEST CASUALTY COMPANY,

    Defendants.

Civil Action No. _____

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ZIPP EXPRESS, LLC

---

COMES NOW, CHARLES WASH, Plaintiff in the above-captioned case, and, pursuant to O.C.G.A. §9-11-36(a), requests the above-named Defendant, Zipp Express, to admit the following in writing as required by statute:

### REQUEST FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process and service of said process is sufficient with regard to you in this case.

4.

Bibb County State Court has jurisdiction over the subject matter of this case.

5.

Bibb County State Court has personal jurisdiction over you as a party in this case.

6.

Venue is proper in Bibb County State Court.

7.

Admit that, at the time of the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Jason Bryant was an employee and/or agent of Zipp Express.

8.

Admit that, at the time of the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant was acting under the course of his employment with Zipp Express.

9.

Admit that you were negligent in entrusting a semi-truck to Defendant Bryant.

10.

Admit that you were negligent by hiring and retaining Defendant Bryant as an employee and/or agent.

11.

Admit that your negligence in entrusting a semi-truck to Defendant Bryant directly and proximately caused some injury to Plaintiff.

12.

Admit that your negligence in entrusting a semi-truck to the Defendant Bryant directly and proximately caused the injuries alleged in Plaintiff's Complaint.

13.

Admit that your negligence in hiring and retaining Defendant Bryant as an employee and/or agent directly and proximately caused some injury to Plaintiff.

14.

Admit that your negligence in hiring and retaining Defendant Bryant as an employee and/or agent directly and proximately caused the injuries alleged in Plaintiff's Complaint.

15.

Admit that Defendant Bryant was negligent in operating the semi-truck during the May 22, 2017, motor vehicle collision that forms a basis for Plaintiff's Complaint.

16.

Admit that Defendant Bryant's negligence directly and proximately caused some injury to Plaintiff.

17.

Admit that Defendant Bryant's negligence directly and proximately caused the injuries alleged in Plaintiff's Complaint.

18.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant followed too closely, in violation of O.C.G.A. § 40-6-49.

19.

Admit that as a result of following too closely, Defendant Bryant caused the May 22, 2017 motor vehicle collision that forms the basis of the Plaintiff's Complaint.

20.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant failed to keep a proper lookout.

21.

Admit that Defendant Bryant's failure to keep a proper lookout caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint.

22.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant failed to make a timely and proper application of his brakes.

23.

Admit that Defendant Bryant's failure to make a timely and proper application of his brakes caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint.

24.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant failed to sound a signal or warning.

25.

Admit that Defendant Bryant's failure to sound a signal or warning caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint.

26.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant failed to exercise due care in violation of O.C.G.A. § 40-6-241.

27.

Admit that Defendant Bryant's failure to exercise due care caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint

28.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint, Defendant Bryant failed to obey the Uniform Rules of the Road of the State of Georgia.

30.

Admit that Defendant Bryant's failure to obey the Uniform Rules of the Road of the State of Georgia caused the May 22, 2017 motor vehicle collision that forms the basis of the Plaintiff's Complaint.

31.

Admit that your employee, Defendant Bryant, caused the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint.

32.

Admit that you are liable for the negligence of Defendant Bryant under the doctrine of *respondeat superior*.

33.

Admit that you are liable as a joint tortfeasor for the injuries alleged in Plaintiff's Complaint.

**RESPOND AS REQUIRED BY LAW**

[SIGNATURE ON THE FOLLOWING PAGE]

Respectfully submitted this _____ day of _____, 2019.

David Dozier
Georgia Bar No. 228898
Attorney for Plaintiff


DOZIER LAW FIRM, LLC.
327 Third Street
P. O. Box 13
Macon, Georgia   31202-0013
(478) 742-8441

✦ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**19-SCCV-089988**
**JBH**
MAY 20, 2019 11:44 AM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

CHARLES WASH,

      Plaintiff,

v.

JASON D. BRYANT,
ZIPP EXPRESS, LLC, and
GREAT WEST CASUALTY COMPANY,

      Defendants.

Civil Action No. _____

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT GREAT WEST CASUALTY COMPANY

---

COMES NOW, CHARLES WASH, Plaintiff in the above-captioned case, and, pursuant to O.C.G.A. §9-11-36(a), requests the above-named Defendant, Great West Casualty Company, to admit the following in writing as required by statute:

### REQUEST FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process and service of said process is sufficient with regard to you in this case.

4.

Bibb County State Court has jurisdiction over the subject matter of this case.

5.

Bibb County State Court has personal jurisdiction over you as a party in this case.

6.

Venue is proper in Bibb County State Court.

7.

Admit that, at the time of the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Jason Bryant was an employee and/or agent of Zipp Express.

8.

Admit that, at the time of the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant was acting under the course of his employment with Zipp Express.

9.

Admit that Zipp Express was negligent in entrusting a semi-truck to Defendant Bryant.

10.

Admit that Defendant Zipp Express was negligent by hiring and retaining Defendant Bryant as an employee and/or agent.

11.

Admit that Defendant Zipp Express's negligence in entrusting a semi-truck to Defendant Bryant directly and proximately caused some injury to Plaintiff.

12.

Admit that Defendant Zipp Express's negligence in entrusting a semi-truck to Defendant Bryant directly and proximately caused the injuries alleged in Plaintiff's Complaint.

13.

Admit that Defendant Zipp Express's negligence in hiring and retaining Defendant Bryant as an employee and/or agent directly and proximately caused some injury to Plaintiff.

14.

Admit that Defendant Zipp Express's negligence in hiring and retaining Defendant Bryant as an employee and/or agent directly and proximately caused the injuries alleged in Plaintiff's Complaint.

15.

Admit that Defendant Bryant was negligent in operating the semi-truck during the May 22, 2017, motor vehicle collision that forms a basis for Plaintiff's Complaint.

16.

Admit that Defendant Bryant's negligence directly and proximately caused some injury to Plaintiff.

17.

Admit that Defendant Bryant's negligence directly and proximately caused the injuries alleged in Plaintiff's Complaint.

18.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant followed too closely, in violation of O.C.G.A. § 40-6-49.

19.

Admit that as a result of Defendant Bryant following too closely, he caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint.

20.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant failed to keep a proper lookout.

21.

Admit that Defendant Bryant's failure to keep a proper lookout caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint.

22.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant failed to make a timely and proper application of his brakes.

23.

Admit that Defendant Bryant's failure to make a timely and proper application of his brakes caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint.

24.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant failed to sound or signal a warning.

25.

Admit that Defendant Bryant's failure to sound or signal a warning caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint.

26.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant failed to exercise due care, in violation of O.C.G.A. § 40-6-241.

27.

Admit that Defendant Bryant's failure to exercise due care caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint

28.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, Defendant Bryant failed to obey the Uniform Rules of the Road of the State of Georgia.

29.

Admit that Defendant Bryant's failure to obey the Uniform Rules of the Road of the State of Georgia caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint.

30.

Admit that Defendant Zipp Express's employee, Defendant Bryant, caused the May 22, 2017 motor vehicle collision that forms the basis of Plaintiff's Complaint.

31.

Admit that Zipp Express is liable for the negligence of Defendant Bryant under the doctrine of *respondeat superior*.

32.

Admit that you are liable as a joint tortfeasor for the injuries alleged in Plaintiff's Complaint.

**RESPOND AS REQUIRED BY LAW**

[SIGNATURE ON THE FOLLOWING PAGE]

Respectfully submitted this _____ day of _____, 2019.

David Dozier
Georgia Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC.
327 Third Street
P. O. Box 13
Macon, Georgia  31202-0013
(478) 742-8441

✻ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**19-SCCV-089988**
JBH
MAY 20, 2019 11:44 AM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

CHARLES WASH,

      Plaintiff,

v.

JASON D. BRYANT,
ZIPP EXPRESS, LLC, and
GREAT WEST CASUALTY COMPANY,

      Defendants.

Civil Action No. _____

---

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## JASON D. BRYANT

---

COMES NOW CHARLES WASH, Plaintiff in the above-captioned case, and hereby requires that the above-named Defendant, Jason Bryant, answer under oath and in writing the following interrogatories within thirty (30) days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to Plaintiff's attorney, David Dozier, P.O. Box 13, Macon, GA 31202.

**NOTE A**: When used in these interrogatories, the term Defendant or any synonym thereof is intended to and shall embrace and include, in addition to the said Defendant, all agents, servants, representatives, private investigators and others who are in a position for or may have obtained information for or on behalf of the Defendant.

**NOTE B**: These interrogatories shall be deemed continuing to the extent required by law. You are requested to (1) seasonally supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is

expected to testify and the substance of his testimony; and (2) amend any prior response if you subsequently learn that the original response was incorrect, or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## GENERAL INFORMATION

1.

State your full name, birth date, marital status, social security number, and the names and addresses of any relatives you have in the county in which the above-captioned action is pending.

2.

State your residence address, including any apartment number, and the address and period of time you lived at each residence for the previous five (5) years.

3.

Identify each of your employers for the past five (5) years, the position and job duties you held with each such employer and the reason for your change of employment.

4.

If you have ever been arrested, state the date, place and charges made in each such arrest, and, if convicted, the date thereof and the court in which such charges were brought.

5.

If, within the twelve (12) hour period immediately preceding the accident, you consumed any drug or alcoholic beverage, state the quantity consumed, the time it was consumed, and the place where it was consumed.

6.

Did you have a valid driver's license at the time of the subject accident and does it remain valid? If so, were there any restrictions on said driver's license?

7.

If you have been involved in any other motor vehicle accidents, identify each accident by date, place, and how said accident occurred.

8.

If you have been a party to *any* action (other than this action), please describe each such action, giving the date of each such action, the court in which it was brought, and the names of other parties to each such action.

9.

Identify each insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

(A) Name and address of company;

(B) Limits of liability coverage;

(C) Policy number; and

(D) Named of insured.

## VEHICLE INFORMATION

10.

Identify all owners and lessors of the semi-truck you were operating at the time of the subject accident.

11.

If you were not the servant, agent or employee of the owner of the semi-truck you were operating at the time of the accident, state the circumstances under which you were operating the vehicle at the time of the subject accident.

12.

How long had you operated this semi-truck?

13.

When did you make the last inspection of the semi-truck prior to the collision?

14.

If at any time between the last inspection prior to the subject accident and the date of the subject accident, if the semi-truck you were driving had any mechanical defects, state the nature of the defects.

15.

What was the extent of the damage the semi-truck you were driving sustained as a result of the collision, giving the time of loss of use, cost of repair and who repaired the semi-truck?

## WITNESS INFORMATION

16.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who saw or claim they saw all or any part of the occurrence complained of in this action?

17.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

18.

What are the names, addresses, home telephone numbers, places of employment, and present whereabouts of all witnesses known to you having knowledge of relevant information, facts or circumstances in this action?

19.

Identify all persons who witnessed you consume any drug or alcoholic beverage within the twelve (12) hour period immediately preceding the subject accident.

20.

Identify all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

21.

Pursuant to the provisions of O.C.G.A. § 9-11-26 (b)(4)(A)(i), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

22.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

## COLLISION INFORMATION

23.

Where had you been prior to the subject accident, where were you going at the time of the subject accident, and what time were you due to arrive at your destination?

24.

What speed do you contend the semi-truck in which you were driving was traveling at the time of the accident?

25.

State in detail your version of how the subject accident occurred, including what you did to avoid the accident, and whether at the first moment you saw Plaintiff's vehicle it was stopped or moving, and its direction and speed if it was moving.

26.

State the substance of every utterance made by you or to you at the scene of the accident and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speaker's identity.

27.

If you received a citation of any sort as a result of this accident, state the nature of same, the dispositions made and the court involved.

28.

To your knowledge, information or belief, are there any photographs, drawings, or videos of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident? If so, please describe each individual photograph, drawing, or video with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, video, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

29.

Were you familiar with the general area where this accident occurred?

30.

Identify every act by which you claim the Plaintiff unreasonably exposed himself to a foreseeable risk of injury.

31.

Identify every other act or event which supports each affirmative defense that you raise.

32.

Are you a member of a social networking website (i.e. Facebook, Myspace, Twitter, Instagram etc.)? If so, please identify the particular social networking website, your username, and whether your profile is public or private.

33.

At the time of the collision which forms the basis of Plaintiff's Complaint, were you in possession of a mobile communications device? If so, please state the type of device, the phone number associated with that device, and the provider.

**RESPOND AS REQUIRED BY LAW**

Respectfully submitted this _____ day of _____, 2019.

David Dozier
Georgia Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC
327 Third Street
P. O. Box 13
Macon, Georgia   31202-0013
(478) 742-8441

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**19-SCCV-089988**
JBH
MAY 20, 2019 11:44 AM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

CHARLES WASH,

Plaintiff,

v.

JASON D. BRYANT,
ZIPP EXPRESS, LLC and,
GREAT WEST CASUALTY COMPANY

Defendants.

Civil Action No. _____

---

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## ZIPP EXPRESS, LLC

---

COMES NOW CHARLES WASH, Plaintiff in the above-captioned case, and hereby requires that the above-named Defendant, Zipp Express, answer under oath and in writing the following interrogatories within 30 days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to plaintiff's attorney, David Dozier, P.O. Box 13, Macon, GA 31202.

**NOTE A:** When used in these interrogatories, the term defendant or any synonym thereof is intended to and shall embrace and include, in addition to the said defendant, all agents, servants, representatives, private investigators and others who are in a position for or may have obtained information for or on behalf of the defendant.

**NOTE B:** These interrogatories shall be deemed continuing to the extent required by law. You are requested to (1) seasonally supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is

expected to testify and the substance of his testimony; and (2) amend any prior response if you subsequently learn that the original response was incorrect, or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

<u>GENERAL INFORMATION</u>

1.

State the names and addresses for any officers, directors, shareholders, agents, and employees of your company who reside in the county in which the above-captioned action is pending.

2.

State the address of your principal offices, and any offices you maintain within the State of Georgia.

3.

If, within the twelve (12) hour period immediately preceding the accident, your employee and/or agent, Defendant Bryant, consumed any drug or alcoholic beverage, state the quantity consumed, the time it was consumed, and the place where it was consumed.

4.

Did Defendant Bryant, your employee who was driving the semi-truck owned by you at the time of the subject collision, have a valid driver's license at the time of the subject accident and does it remain valid? If so, were there any restrictions on said driver's license?

5.

If your company has been involved in any other motor vehicle accidents in the past ten years, identify each accident by date, place, and how said accident occurred.

6.

If your company has been a party to *any* action (other than this action), please describe each such action, giving the date of each such action, the court in which it was brought, and the names of other parties to each such action.

7.

Identify each insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

(A)   Name and address of company;

(B)   Limits of liability coverage;

(C)   Policy number; and

(D)   Named of insured.

## VEHICLE INFORMATION

8.

Identify all owners and lessors of the semi-truck which was operated by Defendant Bryant, at the time of the subject accident.

9.

How long had this particular semi-truck been in operation?

10.

When did you make the last inspection of the semi-truck prior to the collision?

11.

If, at any time between the last inspection prior to the subject accident and the date of the subject accident, the semi-truck you owned that was involved in the subject accident had any mechanical defects, state the nature of the defects.

12.

What was the extent of damage sustained to the semi-truck you owned as a result of the collision, giving the time of loss of use, cost of repair and who repaired the vehicle?

## WITNESS INFORMATION

13.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who saw or claim they saw all or any part of the occurrence complained of in this action?

14.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

15.

What are the names, addresses, home telephone numbers, places of employment, and present whereabouts of all witnesses known to you having knowledge of relevant information, facts or circumstances in this action?

16.

Identify all persons who witnessed Defendant Bryant consume any drug or alcoholic beverage within the twelve (12) hour period immediately preceding the subject accident.

17.

Identify all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

18.

Pursuant to the provisions of O.C.G.A. § 9-11-26 (b)(4)(A)(i), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

19.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

## COLLISION INFORMATION

20.

Where had the semi-truck you owned which was involved in the subject accident been prior to this collision, where was it going at the time of the subject accident, and what time was it due to arrive at its destination?

21.

What speed do you contend the semi-truck driven by your employee and/or agent, Defendant Bryant was traveling at the time of the accident?

22.

State in detail your version of how the subject accident occurred, including what was done to avoid the accident, and whether, at the first moment Defendant Bryant saw Plaintiff's vehicle, it was stopped or moving, and, if it was moving, its direction and speed of travel.

23.

State the substance of every utterance made by your employee and/or agent, Defendant Bryant, or to him at the scene of the accident and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speaker's identity.

24.

If your employee, Defendant Bryant, received a citation of any sort as a result of this accident, state the nature of same, the dispositions made and the court involved.

25.

To your knowledge, information or belief, are there any photographs, drawings, or videos of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident? If so, please describe each individual photograph, drawing, or video with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, video, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

Respectfully submitted this _____ day of _____, 2019.

David Dozier
Georgia Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC.
327 Third Street
P. O. Box 13
Macon, Georgia   31202-0013
(478) 742-8441

✉ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**19-SCCV-089988**
JBH
MAY 20, 2019 11:44 AM

Patricia M. Graves Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

CHARLES WASH,

  Plaintiff,

v.

JASON D. BRYANT,
ZIPP EXPRESS, LLC, and
GREAT WEST CASUALTY COMPANY,

  Defendants.

Civil Action No. _____

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT GREAT WEST CASUALTY COMPANY

---

  COMES NOW CHARLES WASH, Plaintiff in the above-captioned case, and hereby requests the above-named Defendant, Great West Casualty Company, to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, videos, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably useable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

  The production of documents and things herein below designated shall be made in the law offices of Plaintiff's undersigned counsel of record.

  **NOTE A:** Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the

inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

NOTE B: As an alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within thirty (30) days for the date of service of this request.

## REQUEST FOR PRODUCTION

1.

Any and all documents, inclusive of written or recorded statements or writings or memoranda made or prepared (whether manually, mechanically or electronically) by you (or your representative) in support of any allegation that you are not liable to Plaintiff for injuries or damages resulting from the collision.

2.

Any and all documents and things, including pictures, videotapes, audio tapes, diagrams, graphs, surveys, measurements, or other written or pictorial descriptions in support of any allegation that Plaintiff should not recover those damages claimed in this lawsuit.

3.

Any and all tape recordings or electrical or mechanical recordings or transcriptions of any type or nature evidencing communications and statements by or between Plaintiff, his/her agents, representatives, servants or employees, and you, your agents, representatives, servants and/or employees, relating to the allegations in this lawsuit.

4.

Any and all documents identified by you in response to Plaintiff's First Interrogatories.

5.

Any documents consisting of, evidencing, referring or relating to any communications, written or oral, by or between the named Defendants' agents, representatives, servants or employees, and you from the date of the collision made the basis of this lawsuit to the present time.

6.

A complete certified copy of every insurance policy, including all attachments, riders and addenda, issued by you which is or may be applicable to Plaintiff's claims.

7.

A copy of any damage appraisal and/or repair invoice regarding any vehicle involved in the subject accident, made subsequent to the collision.

8.

Any and all drawings, maps, sketches, or videos of the location of the collision that is the subject of this litigation.

9.

Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the collision which is the subject of this litigation, or any damages resulting therefrom.

10.

A copy of any movies, photos, videotapes, or pictures made of any relevant matter in this lawsuit, including any people, places or things involved in the accident.

11.

A copy of any tape-recorded conversations wherein Plaintiff is a participant in any such conversation.

12.

Any and all experts' reports, which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause as an expert. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff's attorney.

13.

Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

14.

Any and all work papers, notes and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

15.

A curriculum vita or resume for each individual whom you may call as an expert witness at the trial of this case.

16.

All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those which would include his report, factual observations, opinions, conclusions, photographs, videos, field notes, calculations, models and exhibits.

17.

With regard to any expert employed by you in this case, produce copies of the front and back of canceled checks evidencing payments made by you at any time for work performed by any such expert (whether testifying or consulting).

18.

All investigative and/or incident "reports" generated by or on your behalf.

19.

Copies of any witness fact statements (including statements made by Plaintiff or by the investigating officer) that are relevant to the collision.

20.

Pursuant to O.C.G.A. § 9-11-34 Plaintiff hereby requests copies of any and all documents obtained by you as a result of a non-party request for production of documents.

**RESPOND AS REQUIRED BY LAW**

[SIGNATURE ON THE FOLLOWING PAGE]

Respectfully submitted this _____ day of _____, 2019.

David Dozier
Georgia Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC.
327 Third Street
P. O. Box 13
Macon, Georgia   31202-0013
(478) 742-8441

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**19-SCCV-089988**
JBH
MAY 20, 2019 11:44 AM

Patricia M. Graves Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

CHARLES WASH,

    Plaintiff,

v.

JASON D. BRYANT,
ZIPP EXPRESS, LLC, and
GREAT WEST CASUALTY COMPANY,

    Defendants.

Civil Action No. _____

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT JASON D. BRYANT

---

COMES NOW CHARLES WASH, Plaintiff in the above-captioned case, and hereby requests the above-named Defendant, Jason D. Bryant, to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably useable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things hereinbelow designated shall be made in the law offices of Plaintiff's undersigned counsel of record.

**NOTE A:** Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things hereinbelow requested, this request shall be deemed to be continuing in nature.

**NOTE B:** As an alternative to producing the documents or other evidence of writing hereinbelow designated at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within thirty (30) days for the date of service of this request.

## REQUEST FOR PRODUCTION

1.

In the event that Defendant was licensed to operate a motor vehicle at the time of the incident referred to in the complaint in this action, or is presently licensed to operate a motor vehicle, please produce, as hereinabove requested, Defendant's driver license(s) or an accurate and legible photostatic copy thereof.

2.

Please produce, as hereinabove requested, a copy of your driving record for the past seven (7) years.

3.

Please produce, as hereinabove requested, any and all photographs, sketches, transparencies, drawings, or videos of any person, party, vehicle, roadway, scene, or any other object or thing relative to the incident referred to in the complaint of this action and the subject matter thereof.

4.

Please produce, as hereinabove requested, any and all accident reports concerning the subject accident, including any that were prepared by you or on your behalf.

5.

Please produce, as hereinabove requested, any and all damage appraisals and repair invoices of Defendant's semi-truck.

6.

Please produce, as hereinabove requested, the title to the semi-truck driven by the Defendant at the time of the subject accident, or the lease papers or contracts if said vehicle was not owned by Defendant.

7.

Please produce, as hereinabove requested, all equipment and maintenance records on the subject semi-truck.

8.

Please produce, as hereinabove requested, any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

9.

Please produce, as hereinabove requested, all surveillance videos or photographs which have been made for the Plaintiff.

10.

Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who have been retained or otherwise employed by Defendant in anticipation of litigation or preparation for trial in this action.

11.

Please produce, as hereinabove requested, any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering Defendant or the motor vehicle being driven by Defendant at the time of the subject accident.

12.

Please produce, as hereinabove requested, all settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this action, regarding or pertaining to the subject incident or any damages resulting therefrom.

13.

Please produce any and all records for any mobile communications device that you had in your possession at the time of, or immediately prior to, the collision which forms the basis of Plaintiff's Complaint.

**RESPOND AS REQUIRED BY LAW**

[SIGNATURE ON THE FOLLOWING PAGE]

4

Respectfully submitted this _____ day of _____, 2019.

David Dozier
Georgia Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC.
327 Third Street
P. O. Box 13
Macon, Georgia   31202-0013
(478) 742-8441

5

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**19-SCCV-089988**
JBH
MAY 20, 2019 11:44 AM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

CHARLES WASH,

      Plaintiff,

v.

JASON D. BRYANT,
ZIPP EXPRESS, LLC, and
GREAT WEST CASUALTY COMPANY,

      Defendants.

Civil Action No. _____

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
### DEFENDANT ZIPP EXPRESS, LLC

---

COMES NOW, CHARLES WASH, Plaintiff in the above-captioned case, and hereby requests the above-named Defendant, Zipp Express, LLC to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably useable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things herein below designated shall be made in the law offices of plaintiff's undersigned counsel of record.

NOTE A: Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

NOTE B: As an alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within thirty (30) days for the date of service of this request.

<u>**REQUEST FOR PRODUCTION**</u>

1.

In the event that Defendant's employee and/or agent, Defendant Bryant was licensed to operate a motor vehicle at the time of the incident referred to in the complaint in this action, or is presently licensed to operate a motor vehicle, please produce, as hereinabove requested, his driver license(s) or an accurate and legible photostatic copy thereof.

2.

Please produce, as hereinabove requested, a copy of Defendant Bryant's driving record for the past seven (7) years.

3.

Please produce all contents of the driver qualification file you are required to maintain under federal law for your employee and/or agent, Defendant Bryant.

4.

Please produce the results of the post-collision drug screen for your employee and/or agent, Defendant Bryant, that was required to be held under federal law.

5.

Please produce, as hereinabove requested, any and all photographs, sketches, transparencies, drawings, or videos of any person, party, vehicle, roadway, scene, or any other object or thing relative to the incident referred to in the complaint of this action and the subject matter thereof.

6.

Please produce, as hereinabove requested, any and all accident reports concerning the subject accident, including any that were prepared by you or on your behalf.

7.

Please produce, as hereinabove requested, any and all damage appraisals and repair invoices of the semi-truck operated by Defendant Bryant at the time of the subject accident.

8.

Please produce, as hereinabove requested, the title to the semi-truck driven by the Defendant's employee and/or agent, Defendant Bryant, at the time of the subject accident, or the lease papers or contracts if said vehicle was not owned by Defendant.

9.

Please produce, as hereinabove requested, all equipment and maintenance records on the subject semi-truck.

10.

Please produce, as hereinabove requested, any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

11.

Please produce, as hereinabove requested, all surveillance videos or photographs which have been made for the Defendant.

12.

Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who have been retained or otherwise employed by Defendant in anticipation of litigation or preparation for trial in this action.

13.

Please produce, as hereinabove requested, any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering defendant or the automobile being driven by Defendant at the time of the subject accident.

14.

Please produce, as hereinabove requested, all settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this action, regarding or pertaining to the subject incident or any damages resulting therefrom.

RESPOND AS REQUIRED BY LAW

[SIGNATURE ON THE FOLLOWING PAGE]

Respectfully submitted this _____ day of _____, 2019.


David Dozier
Georgia Bar No. 228898
Attorney for Plaintiff


DOZIER LAW FIRM, LLC.
327 Third Street
P. O. Box 13
Macon, Georgia   31202-0013
(478) 742-8441

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**19-SCCV-089988**
JBH
**MAY 20, 2019 11:44 AM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

CHARLES WASH,

    Plaintiff,

v.

JASON D. BRYANT,
ZIPP EXPRESS, LLC, and
GREAT WEST CASUALTY COMPANY,

    Defendants.

Civil Action No. _____

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JASON D. BRYANT

---

COMES NOW CHARLES WASH, Plaintiff in the above-captioned case, and, pursuant to O.C.G.A. §9-11-36(a), requests the above-named Defendant, Jason D. Bryant, to admit the following in writing as required by statute:

### REQUEST FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process and service of said process is sufficient with regard to you in this case.

4.

Bibb County State Court has jurisdiction over the subject matter of this case.

1

5.

Bibb County State Court has personal jurisdiction over you as a party in this case.

6.

Venue is proper in Bibb County State Court.

7.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, you followed too closely, in violation of O.C.G.A. § 40-6-49.

8.

Admit that by following too closely, you caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint.

9.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint, you failed to keep a proper lookout.

10.

Admit that your failure to keep a proper lookout caused the May 22, 2017 motor vehicle collision that forms the basis of the Plaintiff's Complaint.

11.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, you failed to make a timely and proper application of your brakes.

12.

Admit that your failure to timely and properly apply your brakes caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint.

13.

Admit that, during the May 22, 2017, vehicle collision that forms the basis of Plaintiff's Complaint, you failed to sound or signal a warning.

14.

Admit that your failure to sound or signal a warning caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint.

15.

Admit that, during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint, you failed to exercise due care in violation of O.C.G.A. § 40-6-241.

16.

Admit that your failure to exercise due care caused the May 22, 2017 motor vehicle collision that forms the basis of the Plaintiff's Complaint.

21.

Admit that, during the May 22, 2017 motor vehicle collision that forms the basis of Plaintiff's Complaint, you failed obey the Uniform Rules of the Road of the State of Georgia.

18.

Admit that your failure to obey the Uniform Rules of the Road of the State of Georgia caused the May 22, 2017, motor vehicle collision that forms the basis of the Plaintiff's Complaint.

19.

Admit that you were negligent during the May 22, 2017, motor vehicle collision that forms the basis of Plaintiff's Complaint.

20.

Admit that your negligence directly and proximately caused some injury to Plaintiff.

21.

Admit that your negligence directly and proximately caused the injuries alleged in Plaintiff's Complaint.

22.

Admit that, during the May 22, 2017, motor vehicle accident that forms the basis for Plaintiff's Complaint, you were an employee and/or agent of Zipp Express, LLC.

23.

Admit that, during the May 22, 2017, motor vehicle accident that forms the basis for Plaintiff's Complaint, you were acting under the course of your employment.

24.

Admit that the vehicle you were operating during the May 22, 2017, motor vehicle accident that forms the basis for Plaintiff's Complaint was and is used to move persons or goods for profit.

25.

Admit that, during the May 22, 2017, motor vehicle accident that forms the basis for Plaintiff's Complaint, Defendant Zipp Express was and is engaged in the transportation of persons or property as a common or contract carrier.

**RESPOND AS REQUIRED BY LAW**

[SIGNATURE ON THE FOLLOWING PAGE]

4

Respectfully submitted this _____ day of _____, 2019.


_____
David Dozier
Georgia Bar No. 228898
Attorney for Plaintiff


DOZIER LAW FIRM, LLC.
327 Third Street
P. O. Box 13
Macon, Georgia   31202-0013
(478) 742-8441

5



EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

19-SCCV-089988
JBH
MAY 21, 2019 03:35 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

Control Number: SOP19069891

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Jason D. Bryant**

have been filed with the Secretary of State on 05/20/2019 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Charles Wash v. Jason D. Bryant
Court: State Court of Bibb County
Civil Action No.: 19SCCV089988

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/21/2019.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

Civil Action No. 19-SCCV-089988

Date Filed 20 May 2019

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, **Bibb** COUNTY

Charlys Wash

_____

Plaintiff

Attorney's Address David Dozier
Dozier Law Firm, LLC
327 Third St
P.O. Box 13
Macon, GA 31201-0013

VS.

Jason D. Bryant,
Zipp Express, LLC and
Great West Casualty Company

Defendant

Name and Address of Party to be Served.
Great West Casualty Company
C/O Corporation Service Company
40 Technology Pkwy South #300
Norcross, GA 30092

_____

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant Great West Casualty Company a corporation by leaving a copy of the within action and summons with Alisha Smith in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 28 day of May, 20 19.

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

CHARLES WASH,

        Plaintiff,

v.

JASON D. BRYANT, ZIPP EXPRESS, LLC
and GREAT WEST CASUALTY
COMPANY

        Defendants.

CIVIL ACTION
FILE NO.: 19-SCCV-089988-JBH

## SPECIALLY APPEARING DEFENDANTS JASON D. BRYANT, ZIPP EXPRESS, LLC AND DEFENDANT GREAT WEST CASUALTY COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW, specially appearing Defendants Jason D. Bryant, Zipp Express, LLC and Defendant Great West Casualty Company (hereafter "Defendants") and file their Answer and Defenses to Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

The discovery process, including depositions of parties and witnesses, has not occurred, and Defendants reserve the right to amend these responses hereto and add or delete affirmative defenses based upon facts to be determined in the discovery process.

## FIRST DEFENSE

As to Defendants Jason D. Bryant and Zipp Express, LLC, Defendants plead insufficiency of process, as they have not been properly served with the Summons and Complaint in this matter.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against these Defendants upon which relief can be granted.

M0507696.1 14534

### THIRD DEFENSE

Plaintiffs' injuries, if any, were caused by an unforeseeable intervening third party tortfeasors and/or the acts or failure to act of persons or entities other than these Defendants.

### FOURTH DEFENSE

At the time and place of the incident referenced in the Complaint, Defendant Bryant was faced with a sudden emergency caused by the negligence of others.

### FIFTH DEFENSE

Plaintiff's injuries, if any, were caused by his own contributory/comparative negligence.

### SIXTH DEFENSE

To the extent shown by the evidence and discovery, these Defendants preserve the defenses of failure to avoid consequences, last clear chance, failure to exercise ordinary care, failure to mitigate damages, estoppel and waiver.

### SEVENTH DEFENSE

Defendant Zipp Express, LLC was discharged in bankruptcy; therefore, Defendant Zipp Express, LLC is no longer a legal entity and is an improper party to this lawsuit.  Accordingly, Defendant Zipp Express, LLC should be dismissed from this case as an improper party.

### EIGHTH DEFENSE

Plaintiff's Complaint against the Defendants is barred by the applicable statute of limitations; therefore, Plaintiff's Complaint against Defendants should be dismissed.

### NINTH DEFENSE

Plaintiff's Complaint against the Defendants is barred by the doctrine of laches; therefore, Plaintiff's Complaint against the Defendants should be dismissed.

### TENTH DEFENSE

Defendant Great West Casualty Company is an improper party to this action; therefore Plaintiff's Complaint against Defendant Great West Casualty Company should be dismissed.

### ELEVENTH DEFENSE

Pending further investigation and discovery, these Defendants reserve the right to assert all affirmative defenses available under the Georgia Civil Practice Act

### TWELFTH DEFENSE

Without waiving the above-enumerated defenses, Defendants respond to the numbered paragraphs of Plaintiff's complaint as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Defendants are without knowledge as to the averments contained in Paragraph 1 of Plaintiff's Complaint. These allegations are therefore denied.

2.

Defendant Bryant admits that he is a resident of Tennessee, and resides at the address listed in Paragraph 2 of Plaintiff's Complaint. Defendant Bryant denies that he is subject to the jurisdiction and venue of this Court.

3.

Defendant Zipp Express, LLC is no longer a legal entity. Defendant Zipp Express, LLC admits that at the time of this accident, its principal place of business was located in Tennessee. This Defendant denies that it is subject to the jurisdiction and venue of this Court.

4.

Defendants admit that Defendant Bryant was an employee of Zipp Express, LLC and was operating in the course and scope of his employment at the time of the incident.  Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

Defendant Great West admits that its principal office is located in Nebraska. Defendant Great West denies that it is properly a party to this action. This Defendant further denies that it is subject to the jurisdiction and venue of this Court.

6.

Defendant Great West admits that it issued a policy of insurance to Zipp Express the terms and conditions of which speak for themselves.  Except as express admitted, all other averments contained in Paragraph 6 of Plaintiff's Complaint are denied.

**GENERAL ALLEGATIONS OF FACT**

7.

Defendants hereby incorporate their responses to Paragraphs 1-6 and all their affirmative defenses as if fully contained herein.

8.

Defendants admit generally that the subject accident happened on the evening of May 22, 2017 on Interstate 16. Defendants further admit that Plaintiff was driving a 2016 Nissan Altima. Defendants deny any remaining averments contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants admit that Defendant Bryant was driving within the course and scope of his employment with Zipp Express, LLC at the time of the subject accident. Defendants admit that

Defendant Bryant was driving a 2016 Freightliner on Interstate 16 at the time of the accident. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants deny that averments set forth in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny the averments set forth in Paragraph 11 of Plaintiff's Complaint.

12.

Defendants admit the averments set forth in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants admit the averments set forth in Paragraph 13 of Plaintiff's Complaint.

14.

Plaintiff's Complaint does not contain a Paragraph 14. However, to the extent it is necessary, Defendants deny any averments contained in any Paragraph 14 are denied.

15.

Defendants deny the averments set forth in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant Great West admits that it issued a policy of insurance to Zipp Express the terms and conditions of which speak for themselves.  Except as express admitted, all other averments contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.

Defendants deny the averments set forth in Paragraph 17 of Plaintiff's Complaint.

18.

Defendants deny the averments set forth in Paragraph 18 of Plaintiff's Complaint.

## COUNT 1: NEGLIGENCE OF DEFENDANT BRYANT

### 19.

Defendants hereby incorporate their responses to Paragraphs 1-18 and all their affirmative defenses as if fully contained herein.

### 20.

Defendants state that Paragraph 20 of Plaintiff's Complaint sets forth a legal conclusion and does not require a response. However, to the extent a response is required, Defendants admit that the laws of the State of Georgia are applicable to this case.  Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint.

### 21.

Defendants deny the averments set forth in Paragraph 21 of Plaintiff's Complaint. Specifically, Defendants deny the averments contained in subparts (a) through (f) of Plaintiff's Complaint.

## COUNT II: VICARIOUS LIABILITY OF DEFENDANT ZIPP EXPRESS

### 22.

Defendants hereby incorporate their responses to Paragraphs 1-21 and all their affirmative defenses as if fully contained herein.

### 23.

Defendants admit that Mr. Bryant was operating in the course and scope of his employment with Zipp Express, LLC at the time of the incident. Defendants deny as stated the remaining allegations set forth in Paragraph 23 of Plaintiffs' Complaint. Specifically, Defendants deny that Defendant Bryant was an "agent" as set forth in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants admit that Mr. Bryant was operating in the course and scope of his employment with Zipp Express, LLC at the time of the incident. Defendants deny as stated the remaining allegations set forth in Paragraph 24 of Plaintiffs' Complaint. Specifically, Defendants deny that Defendant Bryant was in an agency relationship with Defendant Zipp Express, LLC as set forth in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants admit that Mr. Bryant was operating in the course and scope of his employment with Zipp Express, LLC at the time of the incident. Defendants deny as stated the remaining allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

**COUNT III: NEGLIGENCE OF DEFENDANT ZIPP EXPRESS**

26.

Defendants hereby incorporate their responses to Paragraphs 1-25 and all their affirmative defenses as if fully contained herein.

27.

Plaintiff's averment in Paragraph 27 sets forth a legal conclusion, and does not require an answer. To the extent and answer to this averment is required, Defendants deny the allegations set forth in Paragraph 27 as they are stated.

28.

Defendants deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

## COUNT IV: LIABILITY OF GREAT WEST CASUALTY COMPANY

32.

Defendant hereby incorporates their responses to Paragraphs 1-31 and all their affirmative defenses as if fully contained herein.

33.

Defendants deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint as stated.

34.

Defendants admit that Great West issued a policy of insurance to Zipp Express the terms and conditions of which speak for themselves.  Except as express admitted, all other averments contained in Paragraph 34 of Plaintiff's Complaint are denied.

35.

Defendants deny the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

## DAMAGES OF PLAINTIFF

36.

Defendant hereby incorporates their responses to Paragraphs 1-35 and all their affirmative defenses as if fully contained herein.

37.

Defendants deny the averments contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendants deny the averments contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendants deny the averments contained in Paragraph 39 of Plaintiff's Complaint.

40.

Defendants deny the averments contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendants deny the averments contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendants deny the averments contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendants deny the averments contained in Paragraph 43 of Plaintiff's Complaint.

Specifically, Defendants deny subparts (a) through (h) of Paragraph 43 of Plaintiff's Complaint.

44.

**THIRTEENTH DEFENSE**

All allegations set forth in Plaintiffs' Complaint not specifically admitted herein are denied.

Further, these Defendants deny the allegations set forth in the "WHEREFORE" clause in

Plaintiff's Complaint.

Having fully answered all allegations of Plaintiff's Complaint, Defendant respectfully

requests that it be dismissed without liability from this civil action, with all costs being cast upon

Plaintiff.

**TRIAL BY JURY OF 12 MEMBERS IS DEMANDED.**

Respectfully submitted this 27th day of June, 2019.

MCMICKLE, KUREY & BRANCH, LLP

/s/ Kevin P. Branch

KEVIN P. BRANCH
Ga Bar No. 111839
KEN M. BARRE, III
Ga Bar No. 930966
*Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA  30009
Telephone:  (678) 824-7800
Facsimile:  (678) 824-7801

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **SPECIALLY APPEARING DEFENDANTS JASON D. BRYANT, ZIPP EXPRESS, LLC, AND DEFENDANT GREAT WEST CASUALTY COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** by depositing same in the United States Mail in a properly-addressed envelope with adequate postage thereon to:

David Dozier
The Dozier Law Firm, LLC
P. O. Box 13
Macon, GA  31202-0013
*Attorney for Plaintiff*

This 27th day of June, 2019.


/s/ Kevin P. Branch
_____

KEVIN P. BRANCH
For the Firm

M0507696.1 14534